## Case No. 6,239.
### HAWES v. MANN.
[8 Biss. 21.] 1

Circuit Court, N. D. Illinois. July, 1876.

CONVEYANCES— FEMMES COVERT — ACKNOWLEDG-MENT OF DEED—ILLINOIS ACT OF 1869.

In Illinois, under the act of 1869, it is not necessary that a femme covert should acknowledge her deed in order to render it valid.

In equity. Bill to foreclose a mortgage. The facts of this case were, that O. L. Mann had subscribed for $20,000 of the capital stock of the National Life Insurance Company, and gave his notes for the full amount, secured by a mortgage on his wife's property. It appeared that she was unwilling to give the mortgage, but finally agreed to do so. Mann then took the mortgage to a notary public, who was his wife's brother, and he entered the acknowledgment in due form, though Mrs. Mann did not appear before him. A bill was filed to foreclose the mortgage, and Mrs. Mann, in her answer, set up the claim that the instrument was invalid, because it had not been properly acknowledged.

George W. Smith, for complainant.

Goudy, Chandler & Skinner, for defendants.

BLODGETT, District Judge. The question is, whether the mortgage was properly executed, so as to be binding on Mrs. Mann. I think this properly comes under the provisions of the act of 1869, which reads as follows: "Be it enacted, that any femme covert, being above the age of eighteen years, joining with her husband in the execution of any deed, mortgage, conveyance, power of attorney, or other writing of or relating to the sale, conveyance, or other disposition of lands or other real estate, as aforesaid, shall be bound and concluded by the same in respect of her right, title, claim, interest or dower in such estate as if she were sole and of full age, as aforesaid; and the acknowledgment or proof of such deed, mortgage, conveyance, power of attorney, or other writing, may be the same as if she were sole." Ill. Pub. Laws 1869, p. 359. Prior to this statute, a femme covert could only convey her real estate by acknowledging the deed before an authorized officer, and submitting to an examination separate and apart from her husband. The supreme court had repeatedly decided that the act of 1861 did not relieve her from that disability, and that she was still required to appear and be examined before an acknowledging officer as to her willingness to convey. The present law places the wife on the same footing with her husband. If, therefore, the mortgage had been given by

Mann and his wife without acknowledgment, it was competent to prove the signature of both, and the instrument would be valid. It is no more necessary that a married woman should acknowledge than that a married man should, in order to make a valid deed. The same proof that would bind the husband will bind the wife. The statute was intended to give a married woman full and complete control over her property, and place her on the same footing as a femme sole. She might acknowledge it as if she was unmarried, and the signature could be proven against her the same as though she were so. The evidence shows that she had delivered it to her husband, and he in turn delivered it to the company, and she is bound thereby. A decree will, therefore, be rendered in favor of the complainant.